Roberto Luis Costales, Esq.
(*pro hac vice* to be applied for)
William H. Beaumont, Esq.
(*pro hac vice* to be applied for)
BEAUMONT COSTALES LLC
107 W. Van Buren, Suite 209
Chicago, Illinois 60605
Telephone: (773) 831-8000
Facsimile: (504) 272-2956
rlc@beaumontcostales.com
whb@beaumontcostales.com

Glenn M. Goffin, SBN 153766
Attorney-at-Law
920 Beach Park Blvd #39
Foster City, California 94404
Telephone: (415) 845-8556
ggoffin@glenngoffinlaw.com

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| JESSE ZAMORA, LONIA SMITH, ROY RIOS, and DANIEL ONN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WENDY'S INTERNATIONAL, LLC,<br><br>Defendant | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>DEMAND FOR JURY TRIAL<br><br><u>CLASS ACTION</u> |

Plaintiffs Jesse Zamora, Lonia Smith, Roy Rios, and Daniel Onn allege the following based upon information and belief and the investigation by their counsel. Plaintiffs believe that

---

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1

substantial additional evidentiary support exists for the allegations set forth herein and will be available after a reasonable opportunity for discovery.

## NATURE OF THE ACTION

1. This class action seeks to put an end to systemic civil rights violations committed by Wendy's International, LLC ("Wendy's") against visually-impaired people in the United States. Wendy's denies the visually-impaired equal access to the goods and services that Wendy's provides during "late-night" operating times at thousands of their restaurants throughout the United States.

2. In an effort to increase profits and make their products available to the public for longer periods of time, Wendy's restaurants offer "late-night" hours. During these late evening and early morning operating times, patrons are not allowed to physically enter Wendy's restaurants and must access Wendy's products and services via "drive-thru" windows. These drive-thrus are only accessible by motor vehicle and are the exclusive means by which a customer can independently purchase Wendy's products during late-night hours.

3. Despite being accessible to the general public, Wendy's drive-thrus lack any meaningful accommodation for visually-impaired individuals who are unable to operate motor vehicles. Since they are unable to drive, and because it is not safe for them to walk through the drive-thru, visually-impaired individuals are totally precluded from accessing Defendant's products during late-night hours.

4. While Wendy's sighted customers have the opportunity to independently browse, select, and pay for products at Defendant's drive-thrus without the assistance of others, visually-impaired people must hope for a companion with a car or paid taxi services to assist them in selecting and purchasing Wendy's food.

5. By failing to make its restaurants accessible to Plaintiffs and class members, Wendy's is violating basic equal access requirements under federal law. Congress provided a clear and national mandate for the elimination of discrimination against individuals with disabilities when it enacted the Americans with Disabilities Act. This includes removing barriers to full integration, independent living, and equal opportunity for persons with disabilities, including those barriers created by drive-thru restaurants and other public accommodations that are inaccessible to blind and visually impaired persons.

## JURISDICTION

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1343 and 1367.

## VENUE

7. Venue is proper in the Northern District pursuant to 28 U.S.C. §§ 1391 (b)-(c).

8. Wendy's owns, operates, and leases restaurants in California, including in the Northern District of California. Defendant is committing the acts alleged herein in the Northern District of California. A substantial part of the acts and omissions giving rise to the claims asserted herein have occurred in the Northern District of California.

## INTRADISRICT ASSIGNMENT

9. Plaintiff Daniel Onn resides in this Division. Upon information and belief, a substantial portion of Plaintiff Onn's claims herein sued upon occurred in this Division.

## PARTIES

10. Plaintiff Jesse Zamora is a citizen and resident of Atwater, California. Plaintiff Zamora's eyesight has been compromised by a condition known as diabetic retinopathy. This

condition renders him unable to operate a motor vehicle and as such he is a member of a protected class under the Americans with Disabilities Act.

11. Plaintiff Lonia Smith is a citizen and resident of Vallejo, California. Plaintiff Smith has limited vision in one eye and no vision in the other. These conditions render her unable to operate a motor vehicle and as such she is a member of a protected class under the Americans with Disabilities Act.

12. Plaintiff Roy Rios is a citizen and resident of Buena Park, California. Plaintiff Davis' eyesight has been compromised by a condition known as Leber's congenital amaurosis. This condition renders him unable to operate a motor vehicle and as such he is a member of a protected class under the Americans with Disabilities Act.

13. Plaintiff Daniel Onn is a citizen and resident of Santa Clara County, California. Plaintiff Onn's eyesight has been compromised by a corneal transplant. This condition renders him unable to operate a motor vehicle and as such he is a member of a protected class under the Americans with Disabilities Act.

14. Defendant is an Ohio-based, for-profit corporation. Defendant owns, operates and/or leases Wendy's restaurant buildings at thousands of locations throughout the United States.

**FACTUAL ALLEGATIONS**

15. Defendant owns, operates and/or leases the well-known chain of restaurants known as "Wendy's."

16. Upon information and belief, there are more than 6500 Wendy's restaurants in the United States.

17. Some Wendy's restaurants are owned and operated entirely by the Defendant, while others are co-owned and/or co-operated by franchisees and Wendy's.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

4

18. Wendy's promulgates a system of rules, directives, and/or commands that all Wendy's-branded restaurants are required to follow. This system is known as the "Wendy's System."

19. Wendy's operates all Wendy's-branded restaurants by implementing, maintaining, and enforcing the Wendy's System as to all Wendy's-branded restaurants.

20. The Wendy's system is codified and enforced by manuals and franchise agreements ("Wendy's System Documents") that are authored, owned, promulgated and enforced by Wendy's.

21. By written agreement, all franchisees are required by Defendant to comply with the Wendy's System and the Wendy's System Documents.

22. Franchisees have no authority under the terms of their agreements with Wendy's to alter, modify, or violate any aspect of the Wendy's System.

23. In all its agreements with Franchisees, Wendy's specifically reserves the unilateral right to change, add, or remove any aspect of the Wendy's System as it applies to any Franchisee(s).

24. As a condition of becoming and continuing to be a Wendy's Franchisee, Franchisees must adhere to new or changed Wendy's System requirements. Franchisees must also implement new services as may be specified by Wendy's.

25. As it exists today, the Wendy's System does not include any policy, procedure, protocols, or infrastructure for assisting, aiding, or serving visually-impaired would-be customers of Wendy's-branded restaurants when the interiors of those restaurants are closed to the public but while the drive-thrus of those restaurants are still open to the public.

26. Wendy's restaurants offer two kinds of service: counter service and drive thru service.

27. Counter service is available to patrons who physically enter Wendy's restaurants. Patrons approach a sales counter and relay their orders to Wendy's representatives who process payment and serve food.

28. During periods of time when a Wendy's restaurant's interior is closed to the public, counter service is not available to customers.

29. Wendy's restaurants also provide drive-thru service. Drive-thru service is provided via specialized automobile driveway lanes which stretch around Defendant's restaurants. In order to obtain drive-thru service Wendy's customers maneuver their automobiles into the drive-thru lane and then relay their food order to a Wendy's representative via microphone. Customers then drive their car further along the lane and retrieve their food from a series of windows on the side of Defendant's restaurants.

30. Unlike counter service, Wendy's drive-thru service is available to customers during some periods of time when the interior of a given Wendy's restaurant is closed to the public.

31. Drive-thrus are specifically utilized by the Defendant to maximize the accessibility of their products to customers and thus increase profits.

**The Blind and Late-Night Drive-Thru**

32. Many thousands of Wendy's restaurants remain open late serving food only via the drive-thru. At these restaurants, like the ones encountered by Plaintiffs, late-night service is available exclusively through the drive-thru and customers are not permitted to physically enter to order food.

33. Wendy's specifically prohibits pedestrians from walking up to the drive-thru windows and ordering food.

34. Wendy's company policy is to refuse service to any pedestrian who walks up to the drive-thru attempting to order food.

35. Wendy's restaurants that are open late-night via the drive-thru window do not offer any means for pedestrians to order food.

36. The blind are unable to drive at night, and so they are unable to navigate a car into the drive-thru.

37. Because the blind are unable to drive or walk up to the drive-thru window, and because Wendy's interiors are closed during late-night operating times, the blind are totally barred from independently using or enjoying the goods and services provided by Wendy's late-night drive-thru restaurants.

38. There are a variety of modest accommodations Defendant could make that would allow blind people to access to Wendy's late-night restaurant services. However Wendy's does not employ any such policy or practice.

**Plaintiff Zamora's Experience**

39. Plaintiff Zamora remains awake into the late evening on a regular basis and he periodically desires to obtain food from Wendy's restaurants during these late evening hours.

40. In approximately March of 2019, Plaintiff Zamora wanted to obtain food from the Wendy's restaurant located at 800 Bellevue Road, Atwater, California. This particular restaurant is a twenty-five minute walk from the Plaintiff's home.

41. Plaintiff Zamora approached the restaurant and realized the lobby doors were locked.

42. Based on his personal experience living in the area, and also his contemporaneous observations at the restaurant, Plaintiff Zamora was aware that the restaurant continued to serve customers through the drive-thru while the counter service in the lobby remained closed.

43. Because Plaintiff Zamora is blind and unable to lawfully operate a motor vehicle he was unable to independently access the Bellevue Road Wendy's in his March 2019 encounter.

44. Plaintiff Zamora visits this particular Wendy's approximately once a week during its late-night operating times and each time he cannot access it independently and requires a third-party to assist him.

45. Not only is the Wendy's restaurant in close vicinity to his home, it is also surrounded by other commercial establishments that Plaintiff Zamora enjoys frequenting.

46. Plaintiff Zamora has felt and continues to feel disappointed and frustrated in connection with his inability to access Wendy's services.

47. Defendant thus provides accommodations, advantages, facilities, privileges, and services to customers that contain access barriers. These barriers deny full and equal access to Plaintiff Zamora, who would otherwise be able to fully and equally enjoy the benefits and services of Wendy's restaurants.

**Plaintiff Smith's Experience**

48. Plaintiff Smith remains awake into the late evening on a regular basis and she periodically desires to obtain food from Wendy's restaurants during these late evening hours.

49. In June 2019, Plaintiff Smith wanted to obtain food from the Wendy's restaurant located at 1001 Redwood Street, Vallejo, California. This particular restaurant is approximately a 17-minute walk from the Plaintiff's mother's house.

50. Plaintiff Smith approached the restaurant and realized the lobby doors were locked.

51. Based on her personal experience living in the area, and also her contemporaneous observations at the restaurant, Plaintiff Smith was aware that the restaurant continued to serve customers through the drive-thru while the counter service in the lobby remained closed.

52. Because Plaintiff Smith is blind and unable to lawfully operate a motor vehicle, she was unable to independently access the Redwood Street Wendy's restaurant in her June 2019 encounter.

53. Plaintiff Smith visits this particular Wendy's regularly throughout the year and she reasonably expects to visit there again in the future.

54. Not only is the Wendy's restaurant in close vicinity to her mother's house, it is also surrounded by other commercial establishments that Plaintiff Smith enjoys frequenting.

55. Plaintiff Smith has walked the distance between her mother's house and the Wendy's before and reasonably anticipates doing so again.

56. Plaintiff Smith has felt and continues to feel disappointed and frustrated in connection with her inability to access Wendy's services.

57. Because of her familiarity with Wendy's late-night policy, Plaintiff Smith sometimes avoids going to Wendy's during its late-night hours.

58. Plaintiff Smith would visit again the Wendy's restaurant on Redwood Street during its late-night operating times if it were accessible to her.

59. Defendant thus provides accommodations, advantages, facilities, privileges, and services to customers that contain access barriers. These barriers deny full and equal access to Plaintiff Smith, who would otherwise be able to fully and equally enjoy the benefits and services of Wendy's restaurants.

**Plaintiff Rios' Experience**

60. Plaintiff Rios remains awake into the late evening on a regular basis and he periodically desires to obtain food from Wendy's restaurants during these late evening hours.

61. In May 2019, Plaintiff Rios wanted to obtain food from the Wendy's restaurant located at 7570 Orangethorpe Avenue, Buena Park, California. This particular restaurant is approximately a 19-minute walk from the Plaintiff's home.

62. Plaintiff Rios approached the restaurant and realized the lobby doors were locked.

63. Based on his personal experience living in the area, and also his contemporaneous observations at the restaurant, Plaintiff Rios was aware that the restaurant continued to serve customers through the drive-thru while the counter service in the lobby remained closed.

64. Because Plaintiff Rios is blind and unable to lawfully operate a motor vehicle, he was unable to independently access the Orangethorpe Avenue Wendy's restaurant in his May 2019 encounter.

65. Plaintiff Rios visits this particular Wendy's regularly throughout the year and he reasonably expects to visit there again in the future.

66. Not only is the Wendy's restaurant in close vicinity to his home, it is also surrounded by other commercial establishments that Plaintiff Rios enjoys frequenting.

67. Plaintiff Rios has walked the distance between his home and the Wendy's before and reasonably anticipates doing so again.

68. The Wendy's restaurant is also in extremely close proximity to the public bus, of which Plaintiff Rios is a regular rider.

69. Plaintiff Rios has felt and continues to feel disappointed and frustrated in connection with his inability to access Wendy's services.

70. Because of his familiarity with Wendy's late-night policy, Plaintiff Rios sometimes avoids going to Wendy's during its late-night hours.

71. Plaintiff Rios would visit again the Wendy's restaurant on Orangethorpe Avenue during its late-night operating times if it were accessible to him.

72. Defendant thus provides accommodations, advantages, facilities, privileges, and services to customers that contain access barriers. These barriers deny full and equal access to Plaintiff Rios, who would otherwise be able to fully and equally enjoy the benefits and services of Wendy's restaurants.

### Plaintiff Onn's Experience

73. Plaintiff Onn lives in Saratoga, California but travels approximately twice per month to San Jose to visit friends. During his visits to San Jose, Plaintiff Onn frequently visits the Santana Row shopping center.

74. In mid-2019, Plaintiff Onn wanted to obtain food from the Wendy's restaurant located at 782 S Bascom Avenue, San Jose, California. This particular restaurant is in close proximity to the Santana Row shopping center.

75. At or around 11:00 pm, Plaintiff Onn approached the restaurant and realized the lobby doors were locked.

76. Based on his contemporaneous observations at the restaurant, Plaintiff Onn was aware that the restaurant continued to serve customers through the drive-thru while the counter service in the lobby remained closed.

77. This particular Wendy's restaurant closes its lobby at 10:00 pm and remains open through the drive-thru until midnight.

78. Because Plaintiff Onn is blind and unable to lawfully operate a motor vehicle, he was unable to independently access the aforesaid Wendy's restaurant in his mid-2019 encounter.

79. Plaintiff Onn is often at the Santana Row shopping center after 10:00 pm because he watches movies at the cinema there.

80. Plaintiff Onn has felt and continues to feel disappointed and frustrated in connection with his inability to access Wendy's services.

81. Because of his familiarity with Wendy's late-night policy, Plaintiff Onn sometimes avoids going to Wendy's during its late-night hours.

82. Plaintiff Onn would visit again the Wendy's restaurant on S. Bascom during its late-night operating times if it were accessible to him.

83. Defendant thus provides accommodations, advantages, facilities, privileges, and services to customers that contain access barriers. These barriers deny full and equal access to Plaintiff Onn, who would otherwise be able to fully and equally enjoy the benefits and services of Wendy's restaurants.

## CLASS ACTION ALLEGATIONS

84. Plaintiffs seek certification of the following Nationwide Class and California Class pursuant to Fed. R. Civ. P. 23(a), 23(b)(2) and 23(b)(3):

**Nationwide Class**: "all individuals who are unable to drive by reason of visual disability and who have been and/or are being denied access to Wendy's restaurants in the United States where Wendy's restaurants' products and services are only offered via drive-thru."

**California Class**: "all individuals who are unable to drive by reason of visual disability and who have been and/or are being denied access or deterred from

**accessing Wendy's restaurants in California where Wendy's restaurants' products and services are only offered via drive-thru."**

85. The persons in the Nationwide Class and California Class are so numerous that joinder of all such persons is impractical and the disposition of their claims in a class action is a benefit to the parties and to the Court.

86. This case arises out of Defendant's common policy and practice of denying blind persons access to the goods and services of its restaurants. Due to Defendant's policy and practice of failing to remove access barriers, blind persons have been and are being denied full and equal access to Wendy's restaurants and the goods and services they offer.

87. There are common questions of law and fact involved affecting the parties. The Plaintiffs and the putative class are all legally blind and have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, the accommodations, advantages, facilities, privileges, and services provided at Defendant's restaurants due to the lack of accessible features at such facilities, as required by law.

88. The claims of the named Plaintiffs are typical of those of the Nationwide Class and the California Class. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Nationwide Class and the California Class. Plaintiffs have retained and are represented by counsel competent and experienced in complex and class action litigation.

89. Class certification of the Nationwide Class is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Nationwide Class, making appropriate both declaratory and injunctive relief with respect to Plaintiffs and the Nationwide Class as a whole.

90. Class certification of the California Class is appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating this controversy. The common issues of law include: (1) whether the putative class members are individuals with disabilities within the meaning of the ADA and California law; (2) whether Wendy's denies and/or deters legally blind individuals in California from accessing its services during its "late-night" hours; (3) whether Wendy's violates Title III of the ADA; and (4) whether Wendy's has violated Cal. Civ. Code, § 51, *et seq*. ("the Unruh Act").

91. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Judicial economy will be served by maintaining this lawsuit as a class action because it avoids the burden which would otherwise be placed upon the judicial system by the filing of numerous similar suits. A class action is also superior because the damages suffered by individual class members are relatively small and because the burden upon such individual litigants may make it difficult and impractical for them to pursue their claims against Defendant.

92. There are no obstacles to effective and efficient management of this lawsuit as a class action by this Court.

93. References to Plaintiffs shall be deemed to include the named Plaintiffs and each member of the class, unless otherwise indicated.

# FIRST CAUSE OF ACTION
**(Violation of 42 U.S.C. §§ 12181, *et seq.* - Title III of the Americans with Disabilities Act)**
**(on behalf of Plaintiffs and the Nationwide Class)**

94. Plaintiffs incorporate by reference the foregoing allegations as if set forth fully herein.

95. Section 12182(a) of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq.*, (hereinafter "ADA") provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

96. Wendy's restaurants are restaurants, and, therefore places of public accommodation with the definition of Title III of the ADA. 42 U.S.C. §12181(7)(B)

97. Wendy's restaurants are sales establishments, and, therefore places of public accommodation with the definition of Title III of the ADA. 42 U.S.C. §12181(7)(E)

98. Defendant's restaurants are places of "public accommodation" that are subject to compliance under the ADA.

99. Under Section 12182(a) and (b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of a place of public accommodation.

100. Under Section 12182(a) and (b)(1) of Title III of the ADA, it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages,

or accommodations of a place of public accommodation, which is equal to the opportunities afforded to other individuals.

101. Under Section 12182(b)(2) of Title III of the ADA, unlawful discrimination also includes, among other things: (1) a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations; and (2) a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

102. Patrons of Defendant's restaurants who are blind (including Plaintiffs and the Plaintiff Class) have been denied full and equal access to those public accommodations; and they have not been provided services that are provided to other patrons who are not disabled and/or they have been provided services that are inferior to the services provided to non-disabled patrons. Defendant has failed to take any steps to remedy their discriminatory conduct. These violations are ongoing. Unless the Court enjoins Defendant from continuing to engage in these unlawful practices, Plaintiffs and members of the Class will continue to suffer irreparable harm.

103. As discussed in *Factual Allegations* above, Wendy's is a large corporation that is more than capable of adapting its policies and practices to accommodate the blind and the complaints made herein. However, Wendy's chooses not to allow their late-night drive-thru

restaurants to be made independently usable by customers who are blind or have low vision. Consequently, Wendy's must furnish auxiliary aids or services or modify their policies and procedures to enable blind individuals to equally and independently benefit from Wendy's services unless doing so would result in a fundamental alteration or undue burden.

104. The acts alleged herein constitute violations of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.*, and the regulations promulgated thereunder.

105. The actions of Defendant were and are in violation of the Americans with Disabilities Act 42 U.S.C. §§ 12181, *et seq.*, and therefore Plaintiffs are entitled to injunctive relief to remedy the discrimination as well as attorney's fees.

**SECOND CAUSE OF ACTION**
**(Unruh Civil Rights Act)**
**(on behalf of Plaintiffs and California Class)**

106. Plaintiffs incorporate by reference the foregoing allegations as if set forth fully herein.

107. Defendant operates business establishments within the jurisdiction of the State of California and, as such, is obligated to comply with the provisions of the Unruh Act, Cal. Civ. Code, §§ 51, *et seq.* ("the Unruh Act").

108. The conduct alleged herein violates the Unruh Act, including Cal. Civ. Code, §§ 51, *et seq.*

109. The Unruh Act guarantees, *inter alia*, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever within the jurisdiction of the State of California. The Unruh Act also provides that a violation of the ADA is a violation of the Unruh Act.

110. Defendant has and continues to violate the Unruh Act by, *inter alia*, denying Plaintiffs and members of the proposed California Class, as persons with disabilities, full and equal accommodations, advantages, facilities, privileges, or services offered by Defendant. Defendant has also violated the Unruh Act by violating the ADA, as set forth above.

111. Defendant has and continues to violate the Unruh Act by, *inter alia*, failing to operate its services on a nondiscriminatory basis and failing to ensure that persons with disabilities have nondiscriminatory access to its restaurants.

112. Pursuant to the remedies, procedures, and rights set forth in Cal. Civ. Code § 52, Plaintiffs pray for judgment as set forth below.

### THIRD CAUSE OF ACTION
**(Declaratory Relief)**
**(on behalf of Plaintiffs and the Nationwide Class)**

113. Plaintiffs incorporate by reference the foregoing allegations as if set forth fully herein.

114. An actual controversy has arisen and now exists between the parties in that Plaintiffs contends, and that Defendant denies, that Defendant, by providing inaccessible restaurants throughout the United States, fails to comply with applicable laws including, but not limited to, Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.*

115. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

### RELIEF REQUESTED

**WHEREFORE**, Plaintiffs respectfully request:

1. A permanent injunction to prohibit Defendant from violating the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq.*;

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

2. A permanent injunction requiring Defendant to take the necessary steps to make Wendy's late-night drive-thru restaurants in the United States readily accessible and usable by blind and visually impaired individuals;

3. A declaration that Defendant is owning, leasing and/or operating its restaurants in a manner which discriminates against the blind and visually impaired and which fails to provide access for persons with disabilities as required by the Americans with Disabilities Act, 42 U.S.C. §§ 12181, *et seq*.

4. That this Court certify the Nationwide Class as identified herein and appoint Plaintiffs as class representatives and their attorneys as class counsel;

5. That this Court certify the California Class as identified herein and appoint Plaintiffs as class representatives and their attorneys as class counsel;

6. That this Court award actual, compensatory, and/or statutory damages to Plaintiffs and the putative class for violations of their respective civil rights under California and federal law.

7. That this Court award Plaintiffs their reasonable attorney's fees and costs pursuant to federal and California law.

8. Such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs demand trial by jury on all issues for which a jury trial is allowed.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Respectfully submitted*,

Dated: September 24, 2019

/s/ Glenn M. Goffin
Glenn M. Goffin, SBN 153766
Attorney-at-Law
920 Beach Park Blvd #39
Foster City, California 94404
Telephone: (415) 845-8556
ggoffin@glenngoffinlaw.com

Roberto Luis Costales, Esq.
(*pro hac vice* to be applied for)
William H. Beaumont, Esq.
(*pro hac vice* to be applied for)
BEAUMONT COSTALES LLC
107 W. Van Buren, Suite 209
Chicago, Illinois 60605
Telephone: (773) 831-8000
Facsimile: (504) 272-2956
rlc@beaumontcostales.com
whb@beaumontcostales.com

*Attorneys for Plaintiffs*

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

20